IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrel Wadford,<br><br>      Plaintiff,<br>  v.<br><br>South Carolina Public Service Authority d/b/a Santee Cooper, *et al.*,<br><br>      Defendants. | Case No. 2:24-cv-00006-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is the Report & Recommendation ("R&R") of the Magistrate Judge recommending that Defendant Santee Cooper's Partial Motion to Dismiss (Dkt. No. 43) be granted and that Defendant Fitts' Motion to Dismiss (Dkt. No. 45) and the Remaining Defendants' Motion to Dismiss (Dkt. No. 44) be granted in part and denied in part. (Dkt. No. 60). For the reasons set forth below, the Court adopts the R&R as the Order of the Court.

    **I.**    **Background**

This suit arises from Plaintiff's claims that he was subjected to a hostile work environment based on his age and disability and ultimately terminated by Santee Cooper in retaliation for making protected complaints and as a result of defamatory statements made by various other employees. Santee Cooper moves for partial dismissal of Plaintiff's claims of a hostile work environment under Title VII and ADEA due to his disability and age, wrongful termination in violation of public policy, negligent supervision, and Section 1981 retaliation. (Dkt. No. 43 at 2). Defendants Hunter Driggers, Brian Lynch, Noel Ruppert, Hope Saul, Jay Scurry and Richard Wimberly (Dkt. No. 44) and Defendant Matt Fitts (Dkt. No. 45) move to dismiss Plaintiff's claims of slander, tortious interference with a contract and intentional infliction of emotional distress. The Magistrate Judge recommends dismissing Plaintiff's Title VII and ADEA claims and claims

1

of wrongful termination in violation of public policy, negligent supervision and § 1981 retaliation against Santee Cooper as well as dismissing Plaintiff's claim of IIED against all Individual Defendants. (Dkt. No. 60 at 35). The Magistrate Judge further recommends dismissing Plaintiff's slander claims against every Individual Defendant aside from Hope Saul and denies the Individual Defendants' motions as to Plaintiff's claim for tortious interference with a contract. (*Id.* at 36).

Plaintiff does not object to the Magistrate Judge's recommended dismissal of his ADEA or negligent supervision claims against Santee Cooper. He does object to the recommended dismissal of his Title VII hostile work environment claim, claim of wrongful termination in violation of public policy and 42 U.S.C. § 1981 retaliation claim against Santee Cooper and to the recommended dismissal of his claims against the Individual Defendants for IIED and slander. (Dkt. No. 62).

## II.     Legal Standard

### A.  Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

2

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of specific objections ... this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

### B. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the

Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

Plaintiff filed 13 numbered objections to the R&R. Of those objections, the Court discerns 2 specific objections, which it addresses *de novo*.

Plaintiff's first specific objection argues that the Magistrate Judge failed to consider certain evidence in recommending the dismissal of Plaintiff's claim that Defendant Brian Lynch intentionally inflicted emotional distress upon Plaintiff. (Dkt. No. 62 at 10). The R&R did contemplate this evidence. (*See* Dkt. No. 60 at 5-6; 33-35) (considering Plaintiffs' IIED claims against all Individual Defendants and finding that "[a]lthough Plaintiff asserts that some of or all the Individual Defendants made false statements about him to others, commented on his depression, and set out to interfere with his employment, the allegations in the Second Amended Complaint do not set forth any facts detailing, or even suggesting, the type of extreme and outrageous conduct required to establish an IIED claim."). This objection is dismissed.

Plaintiff's other specific objection concerns his claim that Santee Cooper retaliated against him in violation of 42 U.S.C. § 1981. Plaintiff argues that the Magistrate Judge "errored in

determining that the Plaintiff cannot present a cause of action for Retaliation because he cannot establish 'but for' his complaint he would not have been terminated." (Dkt. No. 62 at 12). Upon review of the R&R, this Court agrees with the Magistrate Judge's conclusion that Plaintiff failed to allege sufficient facts to support his claim that "but for" his complaints regarding race discrimination he would not have been terminated where he did not allege any specific facts about when he made these alleged complaints. (Dkt. No. 60 at 24). This objection is dismissed.

### IV.   Conclusion

The Court **ADOPTS** the R&R as the Order of the Court, **GRANTS** Santee Cooper's Partial Motion to Dismiss (Dkt. No. 43), **GRANTS IN PART AND DENIES IN PART** Fitts' Motion to Dismiss (Dkt. No. 45) and the Remaining Defendants' Motion to Dismiss (Dkt. No. 44) and **DISMISSES** Plaintiff's claims of a hostile work environment under Title VII and the ADEA, wrongful termination in violation of public policy, negligent supervision and § 1981 retaliation against Santee Cooper; Plaintiff's IIED claims against all Individual Defendants; and Plaintiff's slander claims against every Individual Defendant aside from Hope Saul.

**AND IT IS SO ORDERED.**


  s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

October 11, 2024
Charleston, South Carolina